# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0675V
### Filed: December 1, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GREGORY THOMPSON, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Influenza ("Flu") Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Lynn E. Ricciardella, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On June 8, 2016, Gregory Thompson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he sustained left shoulder injuries from an influenza ("flu") vaccination he received on September 8, 2014. Petition at 1-3. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 30, 2016, respondent filed her Rule 4(c) Report conceding that petitioner is entitled to compensation. Rule 4(c) Rep. at 1. Based on her evaluation of the evidence, respondent concluded that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), and that it was caused by the flu vaccination he received on September 8, 2014. *Id.* at 4. Respondent further stated that she did not identify any other causes for petitioner's SIRVA, and petitioner's

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

records demonstrate that he suffered residuals of his condition for more than six months.  *Id.*  Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.  *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master